UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAN WIMS,

        Plaintiff,                    15 CIV 4269 (VSB)

    -against-                        **ANSWER**

RIVER PARK RESIDENCES, L.P.,
RELIANT REALTY SERVICES INC.,
PEN WISNESKI and CVR ASSOCIATES, INC.

        Defendants.
------------------------------------------------------X

        Defendants RIVER PARK RESIDENCES, L.P. ("River Park"), RELIANT REALTY SERVICES, INC. ("Reliant") and PEN WISNESKI ("Wisneski") (collectively River Park, Reliant and Wisneski are referred to as "Defendants"), by and through their attorneys Daniels Norelli Cecere & Tavel, P.C. hereby allege as and for their Answer to the complaint dated May 29, 2015 ("Complaint") as follows:

1. Admit so much of the allegations set forth in paragraph "1" of the Complaint as alleges that 40 Richman Paza, Bronx, New York (a/k/a River Park Towers) is a residential complex owned by River Park and managed by Reliant and deny the remaining allegations set forth in paragraph "1" of the Complaint.

2. Deny knowledge or information concerning so much of the allegations set forth in paragraph "2" of the Complaint regarding CVR's actions and deny the remaining allegations set forth in paragraph "2" of the Complaint.

3. Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to the HUD regulations set forth therein for its terms, conditions and legal effect.

4. Deny knowledge or information concerning so much of the allegations set forth in paragraph "4" of the Complaint regarding Plaintiffs ability to afford his rent if his voucher were terminated; deny the remaining allegations set forth in paragraph "4" and respectfully refer the Court to 42 USC §1437f(t) and the regulatory agreement both referred to there in for their terms, conditions and legal effect.

5. Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer the Court tot eh Complaint for an articulation of the specific relief Plaintiff seeks in this action and for its terms, conditions and legal effect.

6. Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer the Court to 28 USC §1331 for its terms, conditions and legal effect.

7. Admit so much of the allegations set forth in paragraph "7" of the Complaint as alleges that this Court has the general authority to grant declaratory relief; however, deny that declaratory relief is available to Plaintiff in this case.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Admit so much of the allegations set forth in paragraph "9" of the Complaint as alleges that Plaintiff has been a tenant of 40 Richman Plaza, Apartment 23F but deny the remaining allegations set forth in paragraph "9".

10. Admit the allegations set forth in paragraph "10" of the Complaint except deny that Plaintiff is currently a "tenant".

11. Admit the allegations set forth in paragraphs "11" and "12" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

13. Deny the allegations set forth in paragraph "14" of the Complaint and respectfully refer the Court to New York's Limited-Profit Housing Companies Act of 1955 referred to therein for its terms, conditions and legal effect.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

15. Deny the allegations set forth in paragraph "16" of the Complaint and respectfully refer the Court to section 236 of the Housing and Urban Development Act of 1968 for its terms, conditions and legal effect.

16. Deny the allegations set forth in paragraph "17" of the Complaint and respectfully refer the Court to 12 USC §1715z-1(e)(2) for its terms, conditions and legal effect.

17. Deny the allegations set forth in paragraphs "18", "19" and "20" of the Complaint and respectfully refer the Court to HUD Directive 00-8 Guidelines for Continuation of Interest Reduction Payments after Refinancing: "Decoupling" referred to therein for its terms, conditions and legal effect.

18. Deny the allegations set forth in paragraph "21" of the Complaint and respectfully refer the Court to 42 USC §1437f(t) and 42 USC §1437f(t)(1)(D) for its terms, conditions and legal effect.

19. Deny the allegations set forth in paragraph "22" of the Complaint and respectfully refer the Court to 42 USC §1437f(t) and 42 USC §1437f(t)(1)(B) for its terms, conditions and legal effect.

20. Deny the allegations set forth in paragraph "23" of the Complaint and respectfully refer the Court to 42 USC §1437f(t)(2) ) for its terms, conditions and legal effect.

21. Deny the allegations set forth in paragraph "24" of the Complaint and respectfully refer the Court to 42 USC §1437f(t)(C) for its terms, conditions and legal effect.

22. Deny the allegations set forth in paragraph "25" of the Complaint and respectfully refer the Court to HUD Notice PIH 2001-41 and H 2012-3 for their terms, conditions and legal effect.

23. Deny the allegations set forth in paragraph "26" of the Complaint and respectfully refer the Court to 24 CFR §982.552 and 24 CFR §982.551 referred to therein for their terms, conditions and legal effect.

24. Deny the allegations set forth in paragraphs "28" and "29" of the Complaint and respectfully refer the Court to the New York City law, specifically NYC Admin. Code 8-107(f) and 8-102 referred to therein for their terms, conditions and legal effect.

25. Admit so much of the allegations set forth in paragraph "30" of the Complaint as alleges that River Park entered into a regulatory agreement with the New York State Housing Finance Agency but deny the remaining allegations set forth in paragraph "30" and respectfully refer the Court to the Agreement referred to therein for its terms, conditions and legal effect.

26. Deny the allegations set forth in paragraphs "31" and "32" of the Complaint and respectfully refer the Court to paragraphs 3.2(a) and 3.2(d)(5) of the regulatory agreement referred to therein for its terms, conditions and legal effect.

27. Deny the allegations set forth in paragraph "33" of the Complaint and respectfully refer the Court to 26 USC §42(h)(6)(B) for its terms, conditions and legal effect.

28. Admit the allegations set forth in paragraph "34" of the Complaint except that Plaintiff is currently a "tenant" of River Park Towers.

29. Deny so much of the allegations of paragraph "35" of the Complaint as alleges that Plaintiff is currently a "tenant" of River Park Towers and he is currently receiving a Section 8 enhanced voucher and deny knowledge or information regarding the remaining allegations set forth in paragraph "35" of the Complaint.

30. Deny the allegations set forth in paragraph "36" of the Complaint and respectfully refer the Court to the Bronx Housing Court judgment referred to therein for its terms, conditions and legal effect.

31. Admit so much of the allegations set forth in paragraph "37" of the Complaint as alleges that River Park commenced a holdover proceeding against Plaintiff which holdover was dismissed but deny the remaining allegations set forth in paragraph "37" of the Complaint.

32. Deny the allegations set forth in paragraph "38" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint and respectfully refer the Court to the loan referred to therein for its terms, conditions and legal effect.

34. Admit the allegations set forth in paragraph "40" of the Complaint.

35. Admit so much of the allegations set forth in paragraph "41" of the Complaint as alleges that River Park when it purchased the property prepaid the HUD subsidized mortgage but deny the remaining allegations set forth in paragraph "41" of the Complaint and respectfully refer the Court to 42 USC §1437(t) for its terms, conditions and legal effect.

36. Admit so much of the allegations set forth in paragraph "42" of the Complaint as alleges that River Park entered into a regulatory agreement but deny the remaining allegations set

forth in paragraph "42" of the Complaint and respectfully refer the Court to the regulatory agreement for its terms, conditions and legal effect.

37. Admit the allegations set forth in paragraph "43" of the Complaint and respectfully refer the Court to CVR's Initial Housing Quality Standards Inspection and notice issued as a result thereof for their terms, conditions and legal effect.

38. Deny so much of the allegations set forth in paragraph "44" of the Complaint as implies that the fact that the repairs were not completed until October 2013 was as a result of some fault of Defendants, and not the lack of cooperation from Plaintiff.

39. Admit so much of the allegations set forth in paragraph "45" of the Complaint as alleges that River Park commenced a non-payment proceeding against Plaintiff but deny the remaining allegations set forth in paragraph "45" and respectfully refer the Court to the pleadings in the non-payment proceeding for their terms, conditions and legal effect.

40. Deny the allegations set forth in paragraph "46" of the Complaint.

41. Admit so much of the allegations set forth in paragraph "47" of the Complaint as alleges that Plaintiff continued to pursue his abatement counterclaim in Bronx Housing Court; deny the remaining allegations set forth in paragraph "47" and respectfully refer the Court to the Bronx Housing Court Order for its terms, conditions and legal effect.

42. Deny the allegations set forth in paragraphs "48", "49", "50", "51", "52", "53" and "54" of the Complaint.

43. Admit so much of the allegations set forth in paragraph "55" of the Complaint as alleges that on or about July 15, 2014 a Notice of Termination was served upon Plaintiff and respectfully refer the Court to the Notice of Termination for its terms, conditions and legal effect.

44. Admit so much of the allegations set forth in paragraph "56" of the Complaint as alleges that on or about September 2, 2014 a proceeding was commenced against Plaintiff in Bronx Housing Court, deny the remaining allegations set forth in paragraph "56" and respectfully refer the Court to the Notice of Petition and Petition commencing said proceeding for its terms, conditions and legal effect.

45. Admit the allegations set forth in paragraph "57" of the Complaint.

46. Deny the allegations set forth in paragraph "58" of the Complaint.

47. Admit so much of the allegations set forth in paragraph "59" of the Complaint as alleges that Plaintiff did not receive his enhanced voucher until December 1, 2013 but deny the remaining allegations set forth in paragraph "59" of the Complaint.

48. Deny the allegations set forth in paragraph "60" of the Complaint except admit that on or about May 30, 2014 CVR stopped all payments to Plaintiff's subsidy to River Park and that Plaintiff was invited to apply for a transfer voucher.

49. Admit the allegations set forth in paragraph "61" of the Complaint.

50. Admit so much of the allegations set forth in paragraph "62" of the Complaint that CVR notified that Plaintiff was ineligible for Section 8 and respectfully refer the Court to the Notice referred to therein for its terms, conditions and legal effect.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "63", "64 and "65" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "66" and "67" of the Complaint and respectfully refers the Court to the letter from CVR referred to therein for its terms, conditions and legal effect.

53. Deny the allegations set forth in paragraph "68" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of so much of the allegations set forth in paragraph "68" of the Complaint as alleges that without his Section 8 subsidy, Plaintiff will be unable to pay the market rent for his apartment.

### ANSWERING THE FIRST CAUSE OF ACTION

54. Deny the allegations set forth in paragraph "69" of the Complaint.

55. Deny the allegations set forth in paragraph "70" of the Complaint and respectfully the Court to 42USC §1437f(t) for its terms, conditions and legal effect.

56. Deny the allegations set forth in paragraphs "71" and "72" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

57. Deny the allegations set forth in paragraphs "73", "74" and "75" of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

58. Deny the allegations set forth in paragraphs "76", "77" and "78" of the Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

59. Deny the allegations set forth in paragraphs "79" and "80" of the Complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

60. Deny the allegations set forth in paragraph "80" of the Complaint.

61. Deny the allegations set forth in paragraphs "81" and "82" of the Complaint and respectfully refer the Court to the regulatory agreement referred to therein for its terms, conditions and legal effect.

62. Deny the allegations set forth in paragraphs "83" and "84" of the Complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

63. Deny the allegations set forth in paragraph "85" of the Complaint and respectfully refer the Court to NYC Admin. Code §8-107(5)(a)(2) for its terms, conditions and legal effect.

64. Deny the allegations set forth in paragraph "86" of the Complaint and respectfully refer the Court to NYC Admin. Code §8-102(25).

65. Deny the allegations set forth in paragraphs "87" and "88" of the Complaint.

### AS AND FOR A FIRST AFFIRMATTIVE DEFENSE

Plaintiff was required to file an Article 78 proceeding in New York State Supreme Court within the applicable statute of limitation period to appeal CVR's termination of Plaintiff's Section 8 benefits and in order to seek reinstatement of same. Having failed to do so, the CVR's decision is binding and not subject to review, or to being overturned, by this Court in this action commenced by Plaintiff clearly in an attempt to avoid the clear bar presented by Plaintiff's failure to timely seek judicial review of CVR's termination of Plaintiff's Section 8 benefits.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendants repeatedly requested that Plaintiff come to the River Park office to sign his lease and Plaintiff repeatedly refused. When Plaintiff finally came to the River Park office, he refused to sign his lease stating he needed his attorney to review same. Plaintiff was provided a draft copy of his lease to review with his attorney but Plaintiff never signed any lease and neither Plaintiff nor his attorney ever communicated with Defendants concerning any issues with the lease. Accordingly, the only obstacle to Plaintiff entering into a new lease has been Plaintiff himself.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff repeatedly refused Defendants access to his Apartment after violations were noted as a result of the Housing Quality Inspection that was performed in order to repair the violating conditions. As a result, the delay in correcting the violating conditions, and therefore the delay in originally issuing Plaintiff his Section 8 benefits was solely as a direct result of Plaintiff's lack of cooperation and denial of access into his apartment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The two landlord-tenant proceedings that were commenced against Plaintiff were commenced solely as a result of Plaintiff's contumacious refusal to sign his lease for his apartment which refusal resulted in CVR terminating his Section 8 benefits and Plaintiff's refusal to pay his share (exclusive of Section 8 benefit) of the contract rent and not in retaliation of any act or conduct of Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

CVR properly and for "good cause" terminated Plaintiff's Section 8 benefits due to Plaintiff's refusal to sign a lease for his apartment and thus, was in violation of his obligation to provide information under 24 CFR §982.551.

**WHEREFORE**, Defendants pray for judgment dismissing the Complaint in its entirety and such other further and different relief including costs and disbursements incurred in the defense of the this action.

Dated: Rego Park, New York
July 31, 2015

DANIELS NORELLI CECERE & TAVEL, PC
Attorneys for Defendants River Park Residences, L.P. ; Reliant Realty Services, Inc. and Pen Wisneski
By _____
George H. Norelli, Esq.

                                                                                          97-77 Queens Blvd., Suite 620  
                                                                                          Rego Park, New York 11374  
                                                                                          (718) 459-6000

To:    Legal Services NYC Bronx  
         Attorneys for Plaintiff  
         349 East 149th Street, 10th Floor  
         Bronx, New York 10451  
         (718) 928-3677  
         Att:    Robert G. Hammond, Of Counsel  
                    Ian Davie, Of Counsel  
                    Kathryn Neilson, Of Counsel  
                    Christopher Lamb, Of Counsel  
                    Edward Josephson, Of Counsel